[Civ. No. 2884.  Second Appellate District, Division Two.—April 29, 1919.]

HARRY J. CRAWFORD, Appellant, v. REBECCA MEADOWS, Administratrix, etc., Respondent.

[1] APPEAL—CONFLICTING EVIDENCE—FINDINGS.—Where there is any evidence to support the findings of the trial court, the appellate court will not disturb the judgment thereon.

[2] CLAIM AND DELIVERY—OWNERSHIP AND RIGHT OF POSSESSION—FIND-
INGS—EVIDENCE.—In this action in claim and delivery to recover
the possession of an automobile, the findings of the trial court in
favor of the defendant on the questions of ownership and right of
possession of the automobile were not supported by the evidence.

APPEAL from a judgment of the Superior Court of Im-
perial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Alfred F. MacDonald, Samuel J. Crawford and John S.
Cooper for Appellant.

Thomas A. Sanson for Respondent.

THOMAS, J.—This is an action in claim and delivery.
Plaintiff alleged ownership of a certain automobile and the
right of possession thereof in himself. This was denied by
defendant. After trial judgment went for defendant. From
that judgment plaintiff appeals.

Appellant claims that "the evidence is insufficient to jus-
tify the decision," and that "the findings of fact do not
justify the conclusions reached." The last contention need
not be considered if the first is established. Primarily, at
least, therefore, there is only one point made, viz.: Insuffi-
ciency of the evidence to support the findings.

[1] Counsel admit and recognize the rule that when there
is any evidence to support the findings that this court will
not disturb the judgment thereon. In this case, however,
there is no conflict in the evidence as to the ownership and
the right of possession to the said automobile at the time this
action was commenced. Plaintiff's testimony shows clearly
the ownership of the property and the right of possession
thereof in himself at the time this action was commenced.
Respondent has not pointed out to us any testimony which in
the least conflicts therewith. Lest, however, an injustice
might be done by respondent's failure to point out such tes-
timony, if the record contained it, every member of this court
has, regardless of the rule which makes such labor on our
part unnecessary, read the entire record. It wholly fails to
disclose anything derogatory to plaintiff's proven ownership
and right of possession.

[2] It was stipulated that plaintiff was the owner of the automobile in question on the seventeenth day of June, 1914. Plaintiff also testified, among other things, as follows: "At the time this lease contract was signed, which bears date July 22d, the car belonged to me. It also belonged to me when it was changed from one hundred dollars to eight hundred dollars in September, 1914. At the time the lease contract was changed in September I had not received the purchase price." There is absolutely nothing in the record which contradicts this, or which is in any way in conflict therewith.

We are satisfied that the findings are not supported by the evidence. In view of that fact, therefore, it is unnecessary to discuss the second proposition referred to above.

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 28, 1919, and the following opinion then rendered thereon:

THE COURT.—Respondent has petitioned for a rehearing on this appeal, and suggests that we have overlooked the contention of her counsel that there had been a completed sale and delivery by plaintiff of the automobile in question. This is precisely what we think the evidence failed to show.

The only evidence before the court as to the contract under which, if at all, respondent has any claim, was the written instrument itself and the testimony of plaintiff and his brother. It is admitted that, at the time the contract was entered into, plaintiff was the owner of the automobile. The contract in itself, which is in the form of a memorandum of lease, acknowledges that one Williams, under whom respondent claims, has hired the automobile from plaintiff; that Williams was to pay rental as follows: "$ —— in advance this day 7–22–1914, and the further sum of $100.00 on the 22nd day of each month thereafter, during the said term, until the full sum of $800.00 is paid"; that in case of default of any payment or removal of the property from Los Angeles County without written consent of the plaintiff, the latter would be entitled to retake possession of the machine, and "that under no conditions shall any title vest in the

hirer." The uncontradicted testimony of both witnesses was that the consideration for this transaction was the transfer to plaintiff of certain equities in real estate and the payment of one hundred dollars for tires, and certain advances in money to meet required expenditures on or concerning the automobile; that all of this occurred before the delivery to Williams of the automobile, and on the express condition that no title was to pass until the one hundred dollars was paid, and until plaintiff had satisfied himself that the liabilities against the real property did not exceed a certain sum; that on the discovery, as claimed, that there were seven hundred dollars of liabilities beyond the amount represented, this seven hundred dollars, by agreement with Williams, was added to the original one hundred dollars still owing, and the total amount named in the contract was raised from one hundred dollars to eight hundred dollars.

All the evidence as to the terms of the contract was to this effect. It clearly establishes a conditional sale contract. Even conceding that the alteration of the lease memorandum, by including the extra seven hundred dollars, was unwarranted, the original one hundred dollars still remains. Eliminating the seven hundred dollars, we have this situation: A conditional sale contract for a consideration, of which full payment was acknowledged, excepting one hundred dollars, which the lessee agreed to pay, and the payment of which was a condition precedent to his obtaining title. There seems to be no question, under the evidence, that the automobile was delivered to Williams on the express condition that the title was not to pass until he paid, at least, this one hundred dollars. The undisputed testimony is that this payment was never made, that defendant was in default, and that he had removed the property without plaintiff's consent from Los Angeles County. This gave to plaintiff his right of action to recover possession of the automobile.

Petition for rehearing denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1919.

Angellotti, C. J., Shaw, J., Wilbur, J., and Olney, J., being all the Justices present, concurred.